# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**
This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1477-20

J.S.,

    Plaintiff-Appellant,

v.

J.D.Y.-C.,

    Defendant-Respondent.

_____

         Argued March 15, 2022 – Decided March 31, 2022

         Before Judges DeAlmeida and Smith.

         On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-0708-21.

         Meghan K. Gulczynski argued the cause for appellant (Northeast New Jersey Legal Services Corp., attorneys; Alexander R. Mena, on the brief).

         Respondent has not filed a brief.

PER CURIAM

Plaintiff's application for a final restraining order (FRO) was denied by the trial court, which found plaintiff failed to prove she was entitled to the protection of an FRO under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Plaintiff appeals, arguing the trial court erred in its application of the second prong of Silver[1] when it declined to issue the FRO. We agree, and reverse and remand for entry of an FRO.

On September 27, 2020, the parties arrived home after attending a party together. They began to talk, and eventually defendant asked plaintiff if she wanted to have sex. She rebuffed him and went to the bathroom to change into her pajamas. Defendant became angry, called plaintiff a "whore" and accused her of never wanting to have sex. Defendant got plaintiff onto the bed, sat on her stomach, and choked her with both hands. Plaintiff struggled, pushed defendant away, and tried to run. Defendant caught her, grabbed her by her hair, and dragged her back into the bedroom where he threw her onto the bed and began choking her again. Plaintiff struggled, causing them both to fall to the floor, where defendant landed on top of her and choked her for a third time.

Plaintiff tried to run again. Defendant grabbed her by the hair and pulled her down to the floor. He kicked her multiple times in her chest and stomach.

---

[1]  Silver v. Silver, 387 N.J. Super. 112, 123 (App. Div. 2006).

When she dropped her phone and tried to pick it up, defendant stomped on her hand. He told her he would kill her son and have her deported. Plaintiff finally escaped and tried to run to another apartment to call her aunt. She reached the second floor, but defendant caught her and dragged her by her hair back to the fourth floor. Plaintiff finally called police from a neighbor's phone. She suffered several injuries, including injuries to her neck, back, face, wrist, chest, and arm. Plaintiff's back injuries were severe enough that she had trouble sitting and lying down for three weeks after the incident. Defendant suffered injuries to his thumb where plaintiff bit him.

Plaintiff obtained a temporary restraining order (TRO) against defendant. Before being served with the TRO defendant called plaintiff continuously, sometimes as many as twenty times per day. Plaintiff refused his calls. Defendant continued to call plaintiff even after being served with an amended TRO. The amended TRO included plaintiff's previous domestic violence allegations against defendant from July and August of 2020.

The trial court conducted a one-day trial on January 5, 2021. Only the plaintiff testified, and she submitted photographic evidence of her injuries. The

A-1477-20

trial court found plaintiff "mostly" credible,[2] and concluded defendant had committed the predicate acts of assault and terroristic threats, under the first prong of Silver.  The court found a prior history of domestic violence, citing defendant biting plaintiff on the hand in July 2020.[3]  The trial court next dismissed the counts of criminal restraint and harassment in the TRO.

The court turned to the second prong of its Silver analysis and concluded that no FRO was needed to protect the plaintiff from immediate danger or further abuse.  It relied on plaintiff's testimony, finding plaintiff had moved out of state, and defendant did not know where plaintiff lived or worked at the time of trial. The court also observed that the parties' dating relationship was short, and they had no children together, implying they would have no contact based on parenting time.  The court found plaintiff's fear was "not reasonable" because there was no immediate danger to plaintiff since she had moved.  The court denied plaintiff's application for the FRO, and she appealed.

---

[2]  The trial court stated in its oral decision that plaintiff was "mostly" credible, and that it would address one "inconsistent or contradictory statement" at a later point.  Our review of the record revealed that the court did not do so.

[3]  The trial court barred as cumulative additional testimony regarding other incidents between the parties, finding that plaintiff's testimony already established a prior history of domestic violence.

Generally, our scope of review of Family Part orders is limited. <u>Cesare v. Cesare</u>, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's findings of fact because of its special expertise in family matters. <u>Id.</u> at 413. We will not disturb a trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." <u>Cesare</u>, 154 N.J. at 412 (quoting <u>Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am.</u>, 65 N.J. 474, 484 (1974)). If the court finds defendant committed a predicate act of domestic violence, then the second inquiry "is whether the court should enter a restraining order that provides protection for the victim." <u>Silver</u>, 387 N.J. Super. at 126. While the second inquiry "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29[(a)](1) to -29[(a)](6), to protect the victim from an immediate danger or to prevent further abuse." <u>Id.</u> at 127.

We turn to the sole question before us: "whether the court should enter a restraining order that provides protection for the victim." <u>Id.</u> at 126. Plaintiff argues that the court erred by finding there was no need to issue an FRO on this record. We agree, and consequently find the trial court's prong two findings

"inconsistent with the competent, relevant, and reasonably credible evidence" in the record.  Cesare, 154 N.J. at 412.

When conducting the "second inquiry," we examine the record in light of the N.J.S.A. 2C:25-29(a) factors, and it is clear:  plaintiff testified that she was afraid of defendant and that he told her he would kill her five-year-old child. She also testified defendant lived near her New Jersey relatives, and that she was fearful defendant would contact her when she returned to the state to visit them.  The record further shows that the trial court failed to consider the best interests of the victim and the child as part of its review of the non-exhaustive factors listed in N.J.S.A. 2C:25-29.  We find defendant's lack of knowledge as to plaintiff's whereabouts and the "reasonableness" of plaintiff's fear, as well as other factors cited by the trial court in its prong two analysis, do not outweigh plaintiff and her child's best interests in protecting themselves from defendant. This error led to the trial court's order denying the FRO, an order that we find "offend[s] the interests of justice."  Cesare, 154 N.J. at 412.  We are satisfied the record contains ample credible evidence to support issuance of an FRO to protect plaintiff and her child from immediate danger and further abuse.  Silver, 387 N.J. Super. at 127.  We reverse and remand to the trial court for entry of an FRO with appropriate protections.

6

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1477-20